**QIN CHEN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.**

No. 07–0136–ag.

United States Court of Appeals, Second Circuit.

Oct. 5, 2007.

Qin Chen, pro se, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Debora Gerads, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Qin Chen, a native and citizen of China, seeks review of a December 26, 2006 order of the BIA denying her motion to reopen her removal proceedings and/or reconsider its earlier decision. *In re (J) Chen, Qin,* No. A 76 282 403 (B.I.A. Dec. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34 (internal quotation marks omitted).

We find no error in the BIA's denial of Chen's motion to reopen. A movant may

prevail on a motion to reopen if she introduces previously unavailable, material evidence. *See Norani v. Gonzales,* 451 F.3d 292, 294–95 (2d Cir.2006) (per curiam). Here, the BIA did not abuse its discretion in finding that Chen did not submit any new evidence in support of her motion. While Chen submitted a copy of her notarial birth certificate, that document was originally submitted as evidence during her hearing before the IJ, and, thus, was not new. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen on this ground. *See* 8 C.F.R. § 1003.2(c)(1).

To the extent the BIA construed Chen's motion as a motion for reconsideration, we also find no error in the BIA's decision. A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). Chen did not allege any specific error of law or fact made by the BIA; rather, she resubmitted her appellate brief almost verbatim in support of her motion. *See Jin Ming Liu,* 439 F.3d at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected."). Finally in support of her motion, Chen submitted a Ninth Circuit decision holding that a nuclear family could qualify as a social group for purposes of the refugee statutes. *See Jie Lin v. Ashcroft,* 356 F.3d 1027 (9th Cir. 2004), *amended by* 377 F.3d 1014 (9th Cir.2004). Even assuming that such a proposition was the law of this Circuit, Chen did not establish a nexus between any past persecution or a well-founded fear of future persecution and her membership in that group. Thus, the BIA properly denied the motion to reconsider because Chen did not support her claim with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.